**GOOD SAMARITAN HOSPITAL REGIONAL MEDICAL CENTER, Long Island College Hospital, and Northern Westchester Hospital Center, Plaintiffs–Appellants,**

v.

**Donna E. SHALALA, in her official capacity as Secretary of Health and Human Services, and Empire Blue Cross Blue Shield, Defendants–Appellees.**

No. 1157, Docket 95–6224.

United States Court of Appeals,
Second Circuit.

Argued March 14, 1996.

Decided June 12, 1996.

Fredrick I. Miller, Garfunkel, Wild & Travis, P.C., Great Neck, New York (David E. Steckler, Linda C. Fentiman, Jordy Rabinowitz, of counsel), for Plaintiffs–Appellants.

Martin Siegel, New York City (Mary Jo White, United States Attorney, Southern District of New York, Steven M. Haber, of counsel), Defendants–Appellees.

Before: CARDAMONE, WALKER, and McLAUGHLIN, Circuit Judges.

WALKER, Circuit Judge:

The plaintiffs, three New York not-for-profit hospitals, appeal from an August 4, 1995 judgment of the United States District Court for the Southern District of New York (William C. Conner, *District Judge* ), reported at 894 F.Supp. 683 (S.D.N.Y.1995), granting summary judgment to defendants Donna Shalala, in her official ·capacity as Secretary of the Department of Health and Human Services (the "Secretary"), and Empire Blue Cross Blue Shield ("Empire"), and dismissing the plaintiffs' amended complaint. We uphold the Secretary's position that review by the Provider Reimbursement Review Board ("PRRB") of a fiscal intermediary's denial of a motion to reopen is precluded, and reject the plaintiffs' contention that the statute and regulations require a different conclusion. Accordingly, we agree in substance with the thoughtful opinion of Judge Conner and affirm.

## BACKGROUND

This action arises under Title XVIII of the Social Security Act (the "Medicare Act"), 42 U.S.C. §§ 1395–1395ccc, a federally funded system of health insurance benefits for the aged and disabled. The plaintiffs are health service providers under the Medicare Act and are entitled to reimbursement for services rendered to Medicare beneficiaries. Defendant Empire is the fiscal intermediary from which the plaintiffs receive reimbursement. The facts of this dispute, which involves the plaintiffs' attempt to reopen their Medicare claims for one or more of the 1986, 1987, and 1988 fiscal years, are set forth fully in the district court's opinion, and we reiterate only those facts necessary to the disposition of this appeal.

In calculating the plaintiffs' reimbursement rates for Medicare services, Empire did not take into account the alleged increase in the plaintiffs' operating costs incurred as a result of the expansion and renovation of their facilities in the early 1980s. The plaintiffs requested that Empire reopen the payment determinations so that their claims could be increased. Empire refused the requests, and the plaintiffs timely sought review of the refusals from the PRRB. The PRRB denied the plaintiffs' requests, holding that under 42 C.F.R. § 405.1885(c) it lacked jurisdiction to review Empire's rulings not to reopen. That regulation provides: "Jurisdiction for reopening a determination or decision rests exclusively with that administrative body that rendered the last determination or decision." 42 C.F.R. § 405.1885(c); *see also* Provider Reimbursement Manual ("PRM") § 2932.1, *reprinted in* Medicare & Medicaid Guide (CCH) ¶ 7740 (1989).[1]

---

1. The sections of the PRM relevant to this appeal are reprinted in the Medicare and Medicaid Guide (CCH) ¶¶ 7700 *et seq.*

Thereafter, the plaintiffs filed the instant action challenging the PRRB's decisions not to review Empire's reopening denials as well as Empire's decisions themselves. Both sides moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, and the district court granted the defendants' motion, holding that 1) the PRRB properly declined to review Empire's refusal to reopen the plaintiffs' claims for Medicare reimbursement and 2) the district court lacked jurisdiction to review the merits of Empire's reopening denials. The plaintiffs now appeal.

## DISCUSSION

■ In reviewing the district court's grant of summary judgment, we must determine whether genuine issues of material fact exist and whether the law was correctly applied. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). Because this case contains no disputed factual issues, we are presented only with a legal issue of statutory interpretation. We review de novo the question whether the defendants were entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

■ Under the Administrative Procedure Act ("APA"), we may set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Our review of the Secretary's interpretation of the Medicare Act is governed by *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If Congress has directly addressed the question at issue, we "must give effect to the unambiguously expressed intent of Congress." *Id.* at 843, 104 S.Ct. at 2781. If, on the other hand, the statute is silent or ambiguous with respect to the specific issue, we must defer to any reasonable construction of the statute by the Secretary. *Id.* at 843–44, 104 S.Ct. at 2781–83.

■ At issue in this case is Part A of the Medicare Act, which authorizes federal reimbursement of providers for various medical services provided to persons covered by Medicare. 42 U.S.C. §§ 1395c to 1395i–4. Under the existing reimbursement system, health care providers are reimbursed for their treatment of beneficiaries on the basis of prospectively determined national and regional rates. 42 U.S.C. § 1395ww(d). Private insurance companies, acting as fiscal intermediaries for the Secretary, assist in the reimbursement process by determining the amount of reimbursement due. 42 U.S.C. § 1395h; 42 C.F.R. § 421.103. A provider seeking reimbursement must file an annual cost report with its fiscal intermediary. 42 C.F.R. § 413.20. Based on the report, the intermediary issues a "notice of amount of program reimbursement" (the "NPR"), which sets the amount of Medicare payment. 42 C.F.R. § 405.1803.

As the district court correctly observed, upon the issuance of an NPR, a provider may seek to have it corrected or altered in one of two ways. First, if a provider is dissatisfied with an intermediary's "final determination" as to the amount of reimbursement, the provider has a right to obtain a hearing before the PRRB within 180 days of receiving its NPR. 42 U.S.C. § 1395oo (a)(1)-(3). If a provider then wishes to appeal a final decision of the PRRB, it may seek judicial review within sixty days. 42 U.S.C. § 1395oo (f)(1).

Principally at issue in this appeal is the second, alternative procedure for review. Under the Secretary's regulations, providers may request the reopening of an NPR within three years of its issuance. 42 C.F.R. § 405.1885(a); *see also* PRM § 2931.2 (setting forth the criteria to be applied by the intermediary in deciding whether to grant reopening). The Secretary's regulations limit jurisdiction to consider a motion to reopen to the "administrative body that rendered the last determination or decision." 42 C.F.R. § 405.1885(c). The Secretary has interpreted this to mean that "[a] provider has no right to a [PRRB] hearing on a finding by an intermediary or hearing officer that a reopening or correction of a determination or decision is not warranted." PRM § 2932.1; *see id.* § 2926.6(B)(4). Thus, reopening denials may not be appealed to the PRRB.

The availability of review by the PRRB of an intermediary's decision not to reopen the

cost reports has not previously been considered by this court, and the two circuits that have addressed this issue are split. *Compare Athens Community Hosp. v. Schweiker,* 743 F.2d 1, 4 n. 4 (D.C.Cir.1984) (not permitting review), *overruled on other grounds,* 485 U.S. 399, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988), *with Oregon v. Bowen,* 854 F.2d 346, 349 (9th Cir.1988) (permitting review). We write to make clear our views.

At the outset, we note that under the statutory scheme, the plaintiffs were not precluded from having the reimbursement determinations reviewed by the PRRB. Rather, for reasons not stated in the record, they simply missed the deadline. Congress has determined that a provider must be reasonably diligent in reviewing its NPRs so that a direct appeal may be filed. *See* 42 U.S.C. § 1395oo (a). In this case, the plaintiffs failed to appeal their NPRs within the time allotted and requested instead that Empire reopen consideration of their cost reports under 42 C.F.R. § 1885.

The plaintiffs assert that under the plain language of 42 U.S.C. § 1395oo (a), the intermediary's determinations denying their reopening requests are reviewable by the PRRB because they were "final determinations." Whether the PRRB's decisions not to review Empire's reopening denials may be appealed is governed by the meaning of "final determination" as that term is used in the statute, which states in relevant part:

> Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board ... if—
>
> (1) such provider—
>
> (A)(i) is dissatisfied with a final determination of the organization serving as its fiscal intermediary pursuant to section 1395h of this title as to the amount of total program reimbursement due the provider ...,
>
> (2) the amount in controversy is $10,000 or more, and
>
> (3) such provider files a request for a hearing within 180 days after notice of

the intermediary's final determination under paragraph (1)(A)(i). . . .

42 U.S.C. § 1395oo (a).

■ We find that the plain meaning of § 1395oo (a) does not compel a holding that a reopening denial is a "final determination" of the amount of total program reimbursement. To the contrary, we believe that the statute may be construed permissibly as stating that a reopening denial is a refusal to revisit the final determination. We agree with the defendants that a reopening denial is similar to a decision of a judicial panel denying rehearing that, as opposed to the initial panel opinion, no one contends to be an appealable order. *See Binghamton Gen. Hosp. v. Shalala,* 856 F.Supp. 786, 794 (S.D.N.Y.1994). As the district court correctly observed,

> [w]hile ... a decision not to reopen is in some sense "final," it does not, in and of itself, establish an "amount of total program reimbursement." Instead, it is a final determination that there are not grounds on which to reconsider a previous final determination as to the amount of total program reimbursement.

*Good Samaritan Hosp.,* 894 F.Supp. at 690 (citing *Staten Island Hosp. v. Sullivan,* No. 91–Civ–733, 1992 WL 675952, at *5 n. 6 (D.D.C. Mar. 31, 1992)).

We now turn to the Secretary's implementing regulations. These regulations authorize the reopening of NPRs on motion by the provider within three years. They also provide, however, that "[j]urisdiction for reopening a determination or decision rests exclusively with that administrative body that rendered the last determination or decision." 42 C.F.R. § 405.1885(c). They do not address the appeal of denials of motions to reopen, but they do specifically provide for review of revisions to reopened cost reports. 42 C.F.R. § 405.1885(a). The Secretary has interpreted the jurisdictional restriction of the regulations as precluding PRRB review of an intermediary's denial of a motion to reopen: "A refusal by the intermediary to grant a reopening requested by the provider is not appealable to the Board, pursuant to 42 C.F.R. § 405.1885(c)." PRM § 2926.6(B)(4).

■ Where, as here, "questions involving statutory construction arise, 'great defer-

ence' must be accorded 'to the interpretation given the statute by the officers or agency charged with its administration.'" *Allegheny Elec. Coop., Inc. v. FERC,* 922 F.2d 73, 80 (2d Cir.1990) (quoting *Power Auth. v. FERC,* 743 F.2d 93, 103 (2d Cir.1984)), *cert. denied,* 502 U.S. 810, 112 S.Ct. 55, 56, 116 L.Ed.2d 32 (1991). "[W]e must defer to the agency's resolution of the matter if it is based on a permissible construction of the statute and is 'sufficiently reasonable.'" *Detsel v. Sullivan,* 895 F.2d 58, 62 (2d Cir.1990) (citing *Chevron,* 467 U.S. at 844–45, 104 S.Ct. at 2782–83). Substantial deference must also be accorded the PRRB's interpretation of the regulations. *Thomas Jefferson Univ. v. Shalala,* —— U.S. ——, —— – ——, 114 S.Ct. 2381, 2386–87, 129 L.Ed.2d 405 (1994).

■ Applying these standards, we find that the PRRB's interpretation of 42 C.F.R. § 405.1885(c) as precluding review of Empire's denial of the plaintiffs' motion to reopen their cost reports "is based on a permissible construction of the statute" in a case where Congress has not directly spoken to the issue. *Chevron,* 467 U.S. at 843, 104 S.Ct. at 2781–82. We are in ultimate agreement with the well-reasoned opinion of the district court that the PRRB's interpretation of the statutory reviewability provision is a reasonable, permissible construction of the statutory scheme, which is entitled to considerable deference by this court. *See Chevron,* 467 U.S. at 844, 104 S.Ct. at 2782–83. We also find that the PRRB's interpretation of the regulations was not an abuse of discretion under the APA.

We thus join the D.C. Circuit in finding that 42 U.S.C. § 1395oo, read by itself, leaves us in a "quandary" as to the availability of PRRB review over a reopening decision, *see HCA Health Servs., Inc. v. Shalala,* 27 F.3d 614, 618–19 (D.C.Cir.1994) (deferring to the Secretary's interpretations in considering scope of reopening review, upon finding that reopenings are not specifically covered by statute), and that the PRRB's view of its limited jurisdiction over reopening denials conforms with 42 U.S.C. § 1395oo (a), *see Athens Community Hosp. v. Schweiker,* 743 F.2d 1, 4 n. 4 (D.C.Cir.1984), *overruled on other grounds,* 485 U.S. 399, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988); *see also HCA Health Servs.,* 27 F.3d 614.

We decline to join the Ninth Circuit, which has held that § 1395oo (a) expressly provides for such appeals. *See Oregon v. Bowen,* 854 F.2d 346 (9th Cir.1988). In *Bowen,* the Ninth Circuit concluded that § 1395oo (a) plainly provides for review of reopening decisions because they "implicate" the amount of total program reimbursement due the provider. *Id.* at 349. Furthermore, according to the Ninth Circuit, a finding of non-reviewability would "eviscerate[ ] the congressional intent of providing administrative review of a fiscal intermediary's cost determination." *Id.* at 350. The Ninth Circuit failed to consider, however, the difference between an initial reimbursement determination and a subsequent decision about whether to reopen that determination. In our view, the principal problem with the Ninth Circuit's broad reading of the statute is that it "effectively gut[s] the 180–day appeal limitation expressly provided by § 1395oo (a)(3)." *Good Samaritan Hosp.,* 894 F.Supp. at 690 (footnote omitted).

■ Finally, the plaintiffs argue on the merits that Empire should have granted their reopening motions and reimbursed them for certain outlays associated with their capital improvements. Judicial review of PRRB decisions is governed by 42 U.S.C. § 1395oo (f)(1), which provides in pertinent part:

> Providers shall have the right to obtain judicial review of any final decision of the Board ... by a civil action commenced within 60 days of the date on which notice of any final decision ... is received.

In this case, because the only final decision reached by the PRRB was that it lacked jurisdiction to review Empire's reopening denials, the district court was limited to reviewing this decision and did not have jurisdiction to review the merits of Empire's reopening decisions.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.