**YOUR HOME VISITING NURSE SERVICES, INC., Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 96–5525.

United States Court of Appeals, Sixth Circuit.

Argued June 5, 1997.

Decided Dec. 22, 1997.

Diana L. Gustin (argued and briefed), Knoxville, TN, for Plaintiff–Appellant.

Howard H. Lewis (argued and briefed), Social Security Administration, Office of Gen-

eral Counsel, Atlanta, GA, D. Gregory Weddle, Asst. U.S. Attorney (briefed), Office of the U.S. Attorney, Knoxville, TN, for Defendant–Appellee.

Before: LIVELY, MERRITT, and SUHRHEINRICH, Circuit Judges.

MERRITT, Circuit Judge.

We are asked once again to review and construe federal health care statutes and regulations governing reimbursement to a "provider" of services.

The plaintiff, Your Home Visiting Nurse Service, Inc., provides home nursing services to Medicare beneficiaries and receives reimbursement from Medicare. This program is administered by the United States Department of Health and Human Services. As part of the reimbursement procedures, Your Home submits annual cost reports to Blue Cross and Blue Shield of South Carolina, a fiscal intermediary acting as the agent of defendant, the Secretary of Health and Human Service.

Your Home sought to reopen cost reports submitted to Blue Cross for fiscal year 1989 due to findings of "new and material" evidence that the reports should be modified. Blue Cross declined to reopen the cost reports. Your Home then appealed Blue Cross's denial to reopen the cost reports to the Provider Reimbursement Review Board. The Review Board found that it lacked jurisdiction to review a fiscal intermediary's decision not to reopen the plaintiff's 1989 cost reports. Your Home appealed the denial of jurisdiction by the Review Board to the district court. The district court dismissed the complaint, upholding the Review Board's determination that it lacked jurisdiction and further holding that the district court did not have federal question or mandamus jurisdiction to review directly the fiscal intermediary's decision. A timely appeal to this Court followed. For the reasons set forth below,

this Court affirms the judgment of the district court.

This appeal concerns four cost reports that Your Home submitted for the 1989 fiscal year. Blue Cross issued notices of program reimbursement pursuant to 42 C.F.R. § 405.1803 for these cost reports, setting out the reimbursement due and listing the expenses allowed and disallowed. Your Home did not appeal any of the four notices of program reimbursement to the Review Board within the 180–day appeal period specified by statute, 42 U.S.C. § 1395oo. Your Home, however, did file a timely request with Blue Cross to reopen the 1989 cost reports pursuant to 42 C.F.R. § 405.1885 on the ground that Your Home had discovered "new and material evidence" affecting its reimbursement. In particular, Your Home alleged that a prior fiscal intermediary calculated the applicable owner compensation rates incorrectly for the 1987 fiscal year, which then in turn affected the 1989 cost reports.

Your Home raises three issues on appeal: (1) whether the Provider Reimbursement Review Board has jurisdiction to review a fiscal intermediary's denial of a request to reopen a Medicare cost report; (2) whether the district court has federal question jurisdiction to review a fiscal intermediary's denial of a request to reopen a Medicare cost report and (3) whether the district court has mandamus jurisdiction to review a fiscal intermediary's denial of a request to reopen a Medicare cost report. We will address each of these issues separately below.[1]

**1. The Review Board's Jurisdiction**

■ 42 U.S.C. § 1395oo(a) states:

Any provider ... which has filed a required cost report ... may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board ... if [in addition to other requirements

---

**1.** On April 3, 1997, Your Home filed a Motion to Request Addition of Document as Exhibit. The "document" is actually two letters purporting to resolve outstanding cases between Blue Cross/ Blue Shield and Your Home through an "Administrative resolution." On April 10, 1997, the Secretary filed an objection to Your Home's Mo-

tion. Because the documents were not considered by the District Court, we will not consider them here in the first instance. Moreover, the documents do not address the year at issue in this case (1989) and, even if we were to consider the documents filed by Your Home, they would not alter our holding here.

that are not at issue] (1) such provider (A)(i) is dissatisfied with a final determination of the ... fiscal intermediary ... as to the amount of total program reimbursement due the provider....

Your Home's argument turns on whether a fiscal intermediary's denial of a request to reopen is unambiguously a "final determination ... as to the amount of total program reimbursement due the provider" within the plain meaning of that phrase.

The reopening procedure was created by regulation rather than statute. The Medicare statute does not require, or even mention, a reopening procedure. Nevertheless, the regulations promulgated by the Secretary specify that a fiscal intermediary's determination *"may* be reopened" (emphasis added) when a request to reopen is made within three years of the determination. 42 C.F.R. § 405.1885(a). The regulations specify, however, that "[j]urisdiction for reopening a determination or decision rests exclusively with that administrative body that rendered the last determination or decision." 42 C.F.R. § 405.1885(c). The criteria for reopening are set forth in the Provider Reimbursement Manual, which provides:

> Whether or not the intermediary will reopen a determination, otherwise final, will depend upon whether new and material evidence has been submitted, or a clear and obvious error was made, or the determination is found to be inconsistent with the law, regulations and rulings, or general instructions.

Provider Reimbursement Manual § 2931.2.

Although the regulations specify that new determinations after a cost report has been reopened are subject to review in the same manner as initial decisions, 42 C.F.R. § 405.1889, the regulations are silent as to whether a decision not to reopen is subject to review. The Provider Reimbursement Manual, however, states: "A refusal by the intermediary to grant a reopening requested by the provider is not appealable to the Board...." Provider Reimbursement Manual, Appendix A, ¶ B.4.

The Provider Reimbursement Review Board found that it lacked jurisdiction based on the above language in the Provider Reimbursement Manual. The district court affirmed, construing the Provider Reimbursement Manual language as an interpretive rule pursuant to *Shalala v. Guernsey Mem. Hosp.,* 514 U.S. 87, 115 S.Ct. 1232, 131 L.Ed.2d 106 (1995), and deferring to the Secretary's interpretation of the Review Board's jurisdiction pursuant to *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). At least two circuit courts have also held that the Review Board does not have jurisdiction over refusals to reopen based on the language in the Manual. *Good Samaritan Hosp. Reg'l Med. Ctr. v. Shalala,* 85 F.3d 1057 (2d Cir.1996); *Athens Community Hosp., Inc. v. Schweiker,* 743 F.2d 1, 4 n. 1 (D.C.Cir.1984); *Saint Mary of Nazareth Hosp. Ctr. v. Schweiker,* 741 F.2d 1447 (D.C.Cir.1984) (when fiscal intermediary reopens with respect to some, but not all, issues, Provider Reimbursement Review Board lacks jurisdiction to review partial denial of reopening).

Your Home argues that deference to the Secretary's interpretation in the Manual is inappropriate here because that interpretation is contrary to the plain meaning of the statute. In particular, Your Home argues that a denial of a reopening request is plainly a "final determination" as that phrase is used in the statute. Your Home attempts to bolster this argument by relying on the presumption that administrative actions are subject to judicial review. *See Bowen v. Michigan Academy,* 476 U.S. 667, 670, 106 S.Ct. 2133, 2135–36, 90 L.Ed.2d 623 (1986).

In *Good Samaritan Hospital,* the Second Circuit explained its holding as follows:

> the plain meaning of [42 U.S.C.] § 1395oo(a) does not compel a holding that a reopening denial is a 'final determination' of the amount of total program reimbursement. To the contrary, we believe that the statute may be construed permissibly as stating that a reopening denial is a refusal to revisit the final determination. .... "[W]hile ... a decision not to reopen is in some sense 'final,' it does not, in and of itself, establish an amount of total program reimbursement [as required by the stat-

ute]. Instead it is a final determination that there are not grounds on which to reconsider a previous final determination as to the amount of total program reimbursement.

*Good Samaritan Hosp.*, 85 F.3d at 1061 (quoting *Good Samaritan Hosp. Reg'l Med. Ctr. v. Shalala*, 894 F.Supp. 683 (S.D.N.Y. 1995)). In light of this statutory ambiguity, deference to the Secretary's regulations and interpretations is appropriate.

This conclusion is bolstered by the Supreme Court's holding in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). In *Sanders*, an Administrative Law Judge denied a social security disability claimant's request to reopen a claim and the claimant sought judicial review. The claimant argued that the district court had jurisdiction pursuant to section 205(g) of the Social Security Act, which provides: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days...." 42 U.S.C. § 405(g). The Supreme Court held that this did not confer jurisdiction because the Social Security Act does not require hearings on petitions to reopen. Moreover, the Court suggested that there would be no federal court jurisdiction even if the Secretary promulgated regulations allowing for hearings on such petitions:

> [T]he opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose ... to impose a 60–day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits.

*Sanders*, 430 U.S. at 108, 97 S.Ct. at 986.

The Medicare statute, similar to the Social Security Act, does not require the Secretary to afford Medicare providers an opportunity for rehearing of fiscal intermediaries' determinations. Therefore, even if our task in this case were to construe the statute at issue without benefit of the Secretary's interpretation in the Manual, *Sanders* suggests that the proper interpretation would be to avoid frustrating the congressional purpose to impose a 180–day limitation upon Provider Reimbursement Review Board review of a fiscal intermediary's final determination on an initial cost report by holding that the statute does not confer jurisdiction on the Review Board to conduct such a review. The Secretary's interpretation of the Medicare statute in the Manual is reasonable in light of *Sanders*. If that interpretation is not foreclosed by the plain language of the statute, and we find it is not, we must defer to it pursuant to *Chevron*.

■ Your Home, relying on *Powderly v. Schweiker*, 704 F.2d 1092 (9th Cir.1983), argues that this Court should not defer to the Secretary's interpretation in the Provider Reimbursement Manual because that interpretation is a substantive rule and substantive rules must be promulgated in accordance with the Administrative Procedure Act's notice and comment period requirements, which was not done here. The rule in question, however, is an interpretive rule and the Administrative Procedure Act exempts interpretive rules from its notice and comment requirements. 5 U.S.C. § 553(b)-(c). As the *Powderly* court explained, "[s]ubstantive rules are those which effect a change in existing law or policy. Interpretive rules are those which merely clarify or explain existing law or regulations." *Powderly*, 704 F.2d at 1098. As in *Powderly*, the Manual provision at issue here does not change any existing law or policy and does not remove any previously existing rights of Medicare providers. It merely explains "what the more general terms of the Act and regulations already provide." *Id.* The Manual merely provides an interpretive rule. As the Supreme Court recently held, such agency interpretive rules are subject to deference when they are not contrary to statute. *See Shalala v. Guernsey Mem. Hosp.*, 514 U.S. 87, 115 S.Ct. 1232, 131 L.Ed.2d 106 (1995).

■ Your Home's reliance on the presumption that federal courts have jurisdiction

to review administrative decisions is also unavailing. Although the *Sanders* Court did not address that presumption explicitly, the *Sanders* decision suggests that the presumption does not apply to administrative proceedings not required by statute that expand a claimant's opportunity for administrative review beyond statutory requirements that, in themselves, provide adequate opportunities for judicial review. Your Home could have obtained judicial review of the fiscal intermediary's final decision on its initial claim by filing an appeal with the Review Board within 180 days of that decision and continuing with further appeals, if necessary, as provided in the Medicare statute. Those statutory procedures are adequate to preserve judicial review. As in *Sanders*, the Secretary is entitled to create a reopening procedure to provide even greater protection to providers than required by statute without having to incur the additional expense entailed by full administrative and judicial review of refusals of requests to reopen.

## 2. Federal Question Jurisdiction

▮▮ Your Home argues that even if the Provider Reimbursement Review Board lacked jurisdiction to consider Your Home's appeal, the district court had either federal question jurisdiction or mandamus jurisdiction to review directly the fiscal intermediary's refusal to reopen. Your Home therefore requested as relief an order directing the fiscal intermediary, Blue Cross, to reopen the cost reports at issue.[2]

The applicable regulations limit judicial review of the Secretary's decisions. 42 U.S.C. § 1395ii provides:

[t]he provisions of . . . subsection[ ] . . . (h) . . . of section 405 of this title, shall also apply with respect to this subchapter . . . except that, in applying such provisions with respect to this subchapter, any reference therein to the Commissioner of Social Security or the Social Security Administration shall be considered a reference to the Secretary or the Department of Health and Human Services, respectively.

42 U.S.C. § 405(h) provides:

No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Your Home argues that "claim" as used in § 405(h) is a term of art referring to a Medicare claim for reimbursement and that collateral challenges not requiring consideration of the merits are outside the scope of the statute.

Your Home's argument is foreclosed by *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). In *Ringer*, the Secretary of Health and Human Services issued an administrative ruling that Medicare did not cover a certain surgical procedure. Four individual claimants brought a suit challenging the ruling, asserting federal question jurisdiction. The Court held that § 405(h) barred the suit, finding that "the inquiry in determining whether § 405(h) bars federal question jurisdiction must be whether the claim 'arises under' the Act, not whether it lends itself to a 'substantive' rather than a 'procedural' label." *Id.* at 614–15, 104 S.Ct. at 2021. The proper test is whether " 'both the standing and the substantive basis for the presentation' of the claims" is the Medicare statute. *Id.* at 615, 104 S.Ct. at 2022 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 760–61, 95 S.Ct. 2457, 2464–65, 45 L.Ed.2d 522 (1975)). *See also Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (§ 405(h) precludes federal question jurisdiction).

Here both the standing and the substantive basis for the presentation of Your

---

**2.** We note that, despite this request for relief, Your Home failed to join Blue Cross in the suit. Although not addressed by the court below, this may constitute a failure to join an indispensable party. If that is so, the district court could have ordered that Blue Cross be joined as a party or, if that was not possible, dismissed the suit on that basis. Fed.R.Civ.P. 19. Because neither the district court nor the Secretary raised the failure to join an indispensable party, we will not base our holding on that issue.

Home's claims comes from the plain language of the Medicare statute. Therefore § 405(h) precludes federal question jurisdiction.[3]

### 3. Mandamus Jurisdiction

■ Finally, Your Home argues that the district court had mandamus jurisdiction to review Blue Cross' failure to reopen. Section 405(h) explicitly precludes jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1346, but does not mention the mandamus statute, 28 U.S.C. § 1361. The Supreme Court has explicitly left open the question of whether or not § 405(h) precludes mandamus jurisdiction. *See, e.g., Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). Several courts, however, have held that mandamus jurisdiction exists over challenges to the Secretary's procedural rules. *See Ellis v. Blum,* 643 F.2d 68, 78 (2d Cir. 1981); *Frost v. Weinberger,* 515 F.2d 57, 62 (2d Cir.1975); *Knuckles v. Weinberger,* 511 F.2d 1221, 1222 (9th Cir.1975); *Martinez v. Richardson,* 472 F.2d 1121, 1125–26 (10th Cir.1973).

■ Mandamus jurisdiction is available only if (1) the plaintiff has exhausted all available administrative appeals and (2) the defendant owes the plaintiff a "clear nondiscretionary duty" that it has failed to perform. *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622. The district court found that Your Home failed to exhaust administrative appeals because it failed to appeal Blue Cross' initial decision within 180 days, not the decision not to reopen the cost reports. The district court also held that there was no violation of a clear non-discretionary duty because the Secretary has discretion over the decision whether or not to reopen a cost report based on "new and material evidence."

The district court's holding with respect to exhaustion is incorrect. Your Home's failure to appeal the initial determination would

preclude mandamus review of that determination, but does not preclude review of a decision not to reopen. Your Home has exhausted all available remedies with respect to its claim that Blue Cross improperly denied its request to reopen.

With respect to the existence of a nondiscretionary duty, the relevant regulation states:

A determination of an intermediary ... *may* be reopened ... by such intermediary officer ... on motion of the provider affected by such determination or decision to revise any matter in issue at any such proceedings.

42 C.F.R. § 405.1885(a) (emphasis added). In addition, the Provider Reimbursement Manual provides:

Whether or not the intermediary will reopen a determination, otherwise final, will depend upon whether (1) new and material evidence has been submitted, (2) a clear and obvious error was made, or (3) the determination is found to be inconsistent with the law, regulations and rulings, or general instructions.

Provider Reimbursement Manual § 2931.2.

In *Good Samaritan Hospital Regional Medical Center v. Shalala,* 894 F.Supp. 683 (S.D.N.Y.1995), *aff'd on other grounds,* 85 F.3d 1057 (2d Cir.1996), the court, after reviewing these provisions, concluded that the fiscal intermediary's reopening determination is discretionary because the regulation says only that the fiscal intermediary "may" reopen, and the manual merely lists the factors that must be considered, without specifying that reopening must be granted if those factors are present.

The district court looked to the Secretary in determining the existence of a nondiscretionary duty. The district court looked to the wrong party under the language in the regulation. Although the Secretary has discretion over whether to allow reopenings, the proper question is whether Blue Cross, the

---

**3.** Your Home's reliance on *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986), is unavailing. *Michigan Academy* concerned a Part B Medicare provider. Jurisdictional questions arising from Part B claims are now treated in this Circuit identically to such questions arising under Part A, so *Michigan Academy's* amount/methodology distinction no longer has force. *Farkas v. Blue Cross & Blue Shield,* 24 F.3d 853, 860 (6th Cir. 1994).

fiscal intermediary, had a nondiscretionary duty to reopen pursuant to the Secretary's regulations and interpretations thereof. As noted above, Blue Cross was not a party to this action. However, even if Blue Cross had been joined as a party, its decision not to reopen was discretionary based on *Good Samaritan Hospital* and would not have triggered mandamus jurisdiction. Therefore, the district court properly found that it did not have mandamus jurisdiction, even though its analysis was incorrect.

For the foregoing reasons, we AFFIRM the judgment of the district court.