**Roy Joseph MISIAK, Plaintiff–Appellant,**

v.

**Louis J. FREEH, Director F.B.I. and Janet Reno, Attorney General, Defendants–Appellees.**

**No. 01–1120.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.*

### ORDER

Roy Joseph Misiak, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his action for a writ of mandamus filed under 28 U.S.C. § 1361. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Misiak filed suit against Federal Bureau of Investigation ("FBI") Director Louis J. Freeh and Attorney General Janet Reno in October 2000. He sought an order compelling the defendants to perform the duties of their offices and to investigate the criminal complaints Misiak had sent to them. The attachments to Misiak's complaint indicated that he was having a dispute with prison officials over his mail and the prison's grievance procedure. The magistrate judge reviewed the complaint, granted Misiak in forma pauperis status, and recommended that the complaint be dismissed as frivolous and for failure to state a claim. See 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c). Misiak filed a "Motion for a More Definite Statement" and a "Notice of Refusal," requesting that his case proceed only before an Article III judge. The district court construed these pleadings as objections to the magistrate judge's report and recommendation, adopted the report, and dismissed the case.

In his timely appeal, Misiak argues that: (1) the district court abused its discretion by misapplying the Prison Litigation Re-

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

form Act ("PLRA"); (2) the district court failed to recognize and review the mandamus action by proper standards; and (3) the magistrate judge's non-consensual interference caused clear and prejudicial error.

Upon de novo review, we conclude that the district court properly dismissed Misiak's case. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Warden Robert J. Kapture placed Misiak on "Modified Access Status" after concluding that he had deliberately abused the grievance process. Misiak sent documents to Freeh in July 2000 and to Reno in August 2000, claiming that Warden Kapture had obstructed his right to petition the government for redress of grievances. Neither Freeh nor Reno had any duty to investigate Misiak's claims. *See Jafree v. Barber,* 689 F.2d 640, 643 (7th Cir.1982); *Peek v. Mitchell,* 419 F.2d 575, 577 (6th Cir.1970). Thus, Misiak was not entitled to mandamus relief because the defendants did not owe him a clear nondiscretionary duty. *See Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Your Home Visiting Nurse Servs., Inc. v. Sec'y of Health & Human Servs.,* 132 F.3d 1135, 1141 (6th Cir.1997), *aff'd,* 525 U.S. 449, 119 S.Ct. 930, 142 L.Ed.2d 919 (1999). Misiak's case was frivolous because it lacked an arguable basis in law, *see Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and he failed to state a claim because he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

Misiak's argument that the district court erred by applying the PLRA to his mandamus petition is without merit. The PLRA applies to mandamus petitions that seek relief analogous to civil complaints under 42 U.S.C. § 1983. *See In re Nagy,* 89 F.3d 115, 116 (2d Cir.1996); *see also In re Tyler,* 110 F.3d 528, 529 (8th Cir.1997). The underlying issues in Misiak's mandamus petition commonly are raised under 42 U.S.C. § 1983. *See, e.g., Thornburgh v. Abbott,* 490 U.S. 401, 407, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989) (First Amendment right to send and receive mail); *Cruz v. Beto,* 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (First Amendment right to petition the government for redress of grievances). Thus, the district court properly screened the case under the PLRA.

Misiak's argument that the magistrate judge's participation in this case was somehow improper is also without merit. A district court judge may designate a magistrate judge to submit proposed findings of fact and recommendations on dispositive orders, subject to de novo review by the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); *United States Fidelity & Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). In this case, the magistrate judge reviewed Misiak's complaint and recommended that it be dismissed. The district court reviewed the magistrate judge's report de novo and in light of additional pleadings filed by Misiak. Thus, the magistrate judge and the district court acted in accordance with statutory and constitutional law. *See Massey v. City of Ferndale,* 7 F.3d 506, 510–11 (6th Cir.1993); *Flournoy v. Marshall,* 842 F.2d 875, 878–79 (6th Cir.1988).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.