NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0667n.06

Case No. 08-1903

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Sep 30, 2009**

LEONARD GREEN, Clerk

| | |
|---|---|
| RAVI ARYA; PREETI N. ARYA, | ) |
| | ) |
| Plaintiffs - Appellants, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| UNITED STATES CITIZENSHIP AND | ) DISTRICT OF MICHIGAN |
| IMMIGRATION SERVICES, Director, | ) |
| Detroit District; DEPARTMENT OF | ) |
| HOMELAND SECURITY, | ) |
| | ) |
| Defendants-Appellees. | ) |
| ———————————————————— | ) |

BEFORE: BATCHELDER, Chief Judge; BOGGS and COOK, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge.  Ravi Arya entered the United States on a professional worker visa in 1997, and in 2003 he married Preeti N. Arya.  The same year, Mr. Arya's employer filed an I-140 "Immigrant Petition for Alien Worker" form on his behalf, which was approved.  In 2004, both Mr. and Mrs. Arya applied for permanent resident status via I-485 forms.  Mrs. Arya's separate application was entirely dependent on Mr. Arya's, since it was premised on his approved I-140 petition.

After an interview with a United States Citizenship and Immigration Services ("USCIS") adjudication officer on June 5, 2007, Mr. and Mrs. Arya were denied permanent resident status on May 19, 2008.  That denial reviewed Mr. Arya's criminal history, and concluded that his application did not warrant a favorable exercise of discretion.  The Aryas filed a "Complaint in the Form of Writ of Mandamus and Declaratory Judgment; and Emergency Motion for an Order to Temporarily

Extend Plaintiffs' Employment Authorization" on June 3, 2008. In it, they challenged the legal conclusions in USCIS's decision and the process by which it was reached, and asserted that they had exhausted their administrative remedies. The Aryas requested varied relief, including temporary extension of their employment authorization and legal status. The district court dismissed the action.

USCIS's denial of the Aryas' permanent resident status was a discretionary determination by the Attorney General of the United States made under 8 U.S.C. § 1255(a) (2007), and is unreviewable by this court under 8 U.S.C. § 1252(a)(2)(B)(i). Styling the claim as a writ of mandamus does not aid the Aryas, since we have held that "[m]andamus jurisdiction is available only if (1) the plaintiff has exhausted all available administrative appeals and (2) the defendant owes the plaintiff a 'clear nondiscretionary duty' that it has failed to perform." *Your Home Visiting Nurse Servs., Inc. v. Sec'y of Health and Human Servs.*, 132 F.3d 1135, 1141 (6th Cir. 1997) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). Here, neither condition was met. The Aryas have not yet initiated an administrative appeal of USCIS's adverse determination, and any duty owed them by USCIS is neither clear nor nondiscretionary. By statute, it is explicitly the opposite — 8 U.S.C. § 1255(a) says that an alien's status may be "adjusted by the Attorney General, *in his discretion.*" *Id.* (emphasis added). This classifies the government's action as an unreviewable denial of discretionary relief under Section 1252(a)(2)(B)(i). The district court was correct to dismiss this action for lack of jurisdiction, and accordingly to dismiss the Aryas' emergency motion as moot.

Because the issuance of a full opinion would serve no jurisprudential purpose and would be duplicative, we **AFFIRM** on the basis of the district court's opinion the dismissal of this action.